UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-019-SMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONELL BERNARD BRYANT III,

    Defendant.
_____/

## PRETRIAL DETENTION ORDER AND ORDER FINDING PROBABLE CAUSE

Pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, a hearing was held on April 5, 2021 to determine whether Defendant RONELL BERNARD BRYANT, III should be detained prior to trial. The Defendant appeared before this Court via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary.

The Government moved for pretrial detention of Defendant on the basis that he is a danger to the community and substantial or serious risk of flight or nonappearance. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination

of conditions will reasonably assure the safety of the community if he is released. 18 U.S.C. § 3142(e). The Court makes the following findings with respect to this order for detention:

**I.      Detention Factors:**

**A. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**

Defendant is charged by Criminal Complaint with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g). The crime of being a felon in possession of a firearm is not in itself a crime of violence under the Bail Reform Act. *United States v. Johnson*, 399 F.3d 1297, 1302 (11th Cir. 2005).

**B. The weight of the evidence against the Defendant.**

The weight of the evidence against Defendant is substantial. The Court takes judicial notice of the information in the Criminal Complaint and the Pretrial Services Report. The Government proceeded by proffer and offered ATF Special Agent Seth Christy for cross-examination. The following evidence was established by the Criminal Complaint, the Pretrial Services Report, the Government's proffer, and Special Agent Christy's testimony:

On July 9, 2020, the Defendant was arrested on a state arrest warrant outside of his mother's residence in Fort Pierce, Florida. The Defendant was found sitting in the driver's seat of a Nissan sedan parked in the yard of the residence. During a search of the Nissan sedan, law enforcement found a bag containing a firearm loaded with ammunition. The bag also contained a receipt with the Defendant's name on it and male clothing. The pistol and ammunition were manufactured outside of the State of Florida and have therefore traveled in interstate or foreign commerce.

Inside a bedroom in the house, deputies found the box for the pistol and a box for the ammunition. Deputies also found a purchase receipt for the pistol, which listed the Defendant's

cousin as the purchaser. ATF contacted the firearms dealer where the gun was purchased and obtained the original ATF Form 4473 which confirmed that Defendant's cousin purchased the firearm on April 9, 2020.

Law enforcement obtained a state search warrant to search the Defendant's cell phone. The phone contained several photographs showing the Defendant in possession of firearms. A criminal history check revealed that the Defendant was adjudicated guilty for the felony offense of carrying a concealed firearm in state court on February 14, 2019.

During the testimony and proffer, the Government offered Exhibit 1, which is a video which the Government said shows the Defendant in possession of a firearm. Defense counsel objected to Exhibit 1's admission for lack of evidence about when the video was taken, and specifically, whether it was taken before or after the Defendant's conviction on February 14, 2019. The Court sustained the Defendant's objection and Exhibit 1 was not admitted into evidence. Next, the Government offered Exhibits 13 through 17 into evidence. Exhibits 13 through 17 are screen shots of a second video in which the Defendant is seen in possession of firearms. Defense counsel objected on the same ground. The Government responded that Defendant was a felon when the video was made because people in the video can be seen wearing masks, which did not become widely worn until 2020 due to the coronavirus pandemic. The Court overruled Defendant's objection as to Exhibits 13 through 17 and admitted these exhibits, which show Defendant with a gun in his waistband and a gun in front of his pelvis area. In one of the photographs, Defendant is smiling surrounded by large bags of what appears to be marijuana. In another he is on a snow laden landscape with friends holding a large firearm.

### C. The history and characteristics of the Defendant.

The Court takes judicial notice of the information in the Pretrial Services Report. Defendant was born in Fort Pierce on December 29, 1993. He is 27 years old. He has lived in the Southern District of Florida his entire life. He does not have a passport and has never traveled internationally. His father lives in Denver, Colorado and his mother lives in Fort Pierce, Florida. The Defendant is a musician and earns money through writing music or performing gigs.

Defendant's Pretrial Services Report shows that in 2017 he pleaded no contest to unlawfully carrying a concealed firearm. Adjudication was withheld and the Defendant was sentenced to 24 months probation. Defendant violated his probation twice. On February 14, 2019, Defendant's probation was terminated, and he was adjudicated guilty.

The Pretrial Services Report also reflects that on February 2, 2018, approximately eight months after the Defendant pleaded no contest and while Defendant was on probation, Defendant was stopped by law enforcement driving a vehicle with a firearm inside. Approximately one year later, on February 14, 2019, Defendant became a convicted felon as set forth above. At some time in 2020, Defendant possessed firearms as seen in Exhibits 13 through 17. On May 31, 2020, Defendant was arrested for aggravated assault with a deadly weapon and other firearms crimes stemming from a fight in which the victim stated that Defendant retrieved a firearm and began to shoot. Those charges were subsequently dropped. A few months later, on July 9, 2020, the Defendant was found with the firearm and ammunition charged in this case.

### D. The Safety of the Community.

This Court finds that no conditions of release will reasonably assure the safety of the community if the Defendant is released. According to the Government's evidence, Defendant, a convicted felon, has possessed firearms on several occasions since he became a convicted felon in

February 2019.  Since being convicted of a felony, he also has been charged with discharging a firearm during a fight at a party, although those charges recently were dropped.  Most recently, Defendant was found in possession of a firearm at his mother's home, just two months after being put on bond in a state case charging firearm crimes.  These circumstances demonstrate that Defendant presents a significant danger to the community, and there are no conditions this Court could set that Defendant would follow that would assure the community's safety.  This Court therefore orders Defendant detained until further order of the Court.

## II.     Probable Cause:

The parties agreed that the hearing on April 5, 2021 would also serve as a Preliminary Hearing pursuant to Federal Rule of Criminal Procedure 5.1.  Defendant is charged by Criminal Complaint with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g).  The Court has considered the Government's proffer and Agent Christy's testimony.  The Court finds that there is probable cause to believe a violation of Title 18, United States Code, Section 922(g) was committed, and that Defendant committed that violation.  It is therefore **ORDERED AND ADJUDGED** that there is sufficient probable cause to believe Defendant has committed the offense referenced above and this matter shall proceed accordingly.

IT IS hereby **ORDERED** that the Defendant be remanded to the custody of the U.S. Marshals.  The Court also directs that the Defendant be afforded reasonable opportunity for private consultation with counsel, and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** in Chambers at Fort Pierce, in the Southern District of Florida, this 12th day of April, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE